People v Franklin (2021 NY Slip Op 50150(U))

[*1]

People v Franklin (Von)

2021 NY Slip Op 50150(U) [70 Misc 3d 142(A)]

Decided on February 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2017-2187 K CR

The People of the State of New York,
Respondent,
against
Von Franklin, Appellant. 

New York City Legal Aid Society (Jeffrey Dellheim of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Gamaliel Marrero and David S. Sohn of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Laura Johnson, J.), rendered October 5, 2017. The judgment convicted defendant, after a
nonjury trial, of harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was convicted of harassment in the second degree
(Penal Law § 240.26 [1]). The evidence adduced at trial showed that, in January 2017,
defendant was a passenger on a bus when special inspectors for the New York City Transit
Authority, a division of the Metropolitan Transit Authority, entered the bus and asked the
passengers to display their fare receipts. Defendant refused to display his receipt after he was
repeatedly asked to do so by Special Inspector Hills. After another special inspector asked
defendant to display his receipt, defendant's left forearm hit Hills in his face as defendant moved
his arm to shove the receipt in the other inspector's face.
Insofar as is relevant to this appeal, prior to trial, in May 2017, defendant had informed the
court that the bus should have had a videotape of the incident. Neither defense counsel nor the
prosecutor was aware of any videotape, and defense counsel did not seek to subpoena the tape
until September 2017, a week before the trial. On appeal, defendant's sole contention is that the
Criminal Court should have granted his trial attorney's request for an adverse inference charge
because it was reasonably likely that the tape had the potential to be both relevant and
exculpatory.
"[U]nder the New York law of evidence, a permissive adverse inference charge should be
given where a defendant, using reasonable diligence, has requested evidence reasonably likely to
be material, and where that evidence has been destroyed by agents of the State" (People v
Handy, [*2]20 NY3d 663, 669 [2013]). A review of the
record on appeal indicates that the Criminal Court properly denied defendant's trial attorney's
request for an adverse inference charge, since it was not shown (1) that defendant's trial attorney
used "reasonable diligence" to obtain the requested surveillance tape since, in May 2017, the
court had instructed the attorney to subpoena the tape which she did not do until September
2017, one week before the trial, (2) that the tape was reasonably likely to be material, and that (3)
that any tape actually existed and was destroyed by the People or their agent.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 26, 2021